MARION BROOKS v. THOS. A. BROOKS, Ex'tr, et als.

*Jurisdiction—Creditor's Bill.*

1. Where the Court has jurisdiction of the person and subject-matter, its judgment will not be void, although there were grave irregularities which would have been fatal to the action if presented by the defendants in apt time.

2. So, where a proceeding in the nature of a creditor's bill was brought under §1448 of *The Code*, to have a settlement of a decedent's estate and to have the land sold for assets, but the summons was not made returnable as prescribed by that section, and the plaintiff did not purport to sue on behalf of all the creditors, nor was there any advertisement for creditors as provided by the statute, nor were the statutory requirements at all complied with; *It was held*, that the proceeding was not void, no objection having been made by the defendants to these irregularities.

3. While a judgment may be irregular or erroneous, yet if no objection is made to it on that particular ground, it will not be reversed.

CIVIL ACTION, heard upon appeal from the clerk of the Superior Court of CHATHAM county, by *Gilmer, Judge,* at Chambers, on July 1st, 1886.

The defendant Thomas A. Brooks is the sole surviving executor of the will of Aaron D. Headen, who died in the year 1859, and his co-defendants, except the husband of the *feme* defendant, are the legatees and devisees of the will mentioned.

The plaintiff obtained judgment against the defendant executor, in the Superior Court of the county of Chatham, at Spring Term, 1881, thereof, for $399.31, with interest thereon from the 20th day of March, 1876, and for $128.25 costs. He began this *Special Proceeding* in the Superior Court of the county named, by summons issued the 3d day of March, 1884, made returnable before the clerk " within twenty days after the service of " the same, exclusive of the day of service, and it was served upon all the defendants, except Samuel Headen, on the 1st day of May, 1884. Five of the defendants were infants, and their mother was appointed their guardian *ad litem,* and filed answer in their behalf as stated below.

The following is a copy of the case settled upon appeal by the Court :

" This proceeding was begun on the 3d of March, 1884, and the plaintiff complains and alleges :

1st. That Aaron D. Headen died in 1859, leaving a will which was admitted to probate, and that Thomas A. Brooks is the sole surviving executor of the same.

2d. That in 1881, plaintiff recovered judgment against the said executor for a considerable sum, and is informed and believes that the personal estate of the testator has been exhausted in the payment of debts.

3d. That the testator died seized of the following real estate, (which is described in the complaint, and the names of the devisees and legatees are also stated.)

Wherefore plaintiff demands judgment, that a guardian *ad litem* be appointed for the infant defendants, and that a commissioner be appointed to sell the said real estate and pay off said judgment, and for costs, and such other relief as the Court may deem right.

The complaint was subsequently amended by leave of Court, and it was therein alleged, that a sale of all the interest of the testator in said lands was necessary for the payment of plaintiff's debt and costs, and that the plaintiff has often requested the defendant executor to institute proceedings to sell the same for the payment of said debt and cost, but the executor has refused to do so. That the tract of land contains about 550 acres, and is worth about $5 per acre, and the interest of the testator therein is one undivided half. That plaintiff has no information as to the value of the personal property nor as to its disposition.

The answer of Martha Headen (for herself and as guardian *ad litem* for the infant defendants), and of the other defendants other than Thos. A. Brooks, alleges :

That they have no knowledge or information to the effect that the personal estate has been exhausted, and therefore deny plaintiff's allegation as to that matter, and also deny that the testator died seized and possessed of the said land, or that he was the owner of any interest therein at the time of his death, and they deny that the defendants hold the said

land by, through, or under the last will and testament of the said Aaron D. Headen.

The defendants also say they have no knowledge of the number of acres of land as alleged by the plaintiff, and therefore deny the same. And they further say that $5 per acre is an overestimate of the average value of said land, and they deny that the testator has any interest in the same. Wherefore they demand judgment that this proceeding be dismissed.

It appearing that issues of fact arose upon the pleadings, the clerk transferred the case to the civil issue docket, to be tried at Term.

And accordingly at May Term, 1886, the following issues were submitted to the jury:

1. Did Aaron D. Headen die seized of the Brooks-Headen tract of land? Answer—Yes.

2. Have the personal assets of Aaron D. Headen been exhausted in the payment of debts and charges? Answer—Yes.

And thereupon the Court gave judgment for a sale of the land, and appointed a commissioner to sell the same and apply the proceeds to the plaintiff's judgment, and the balance, if any, to be paid to the executor, and the cause was retained for further directions, and from this judgment the defendants other than Thomas A. Brooks appealed, insisting that the proceeding should be dismissed, for that the complaint does not state facts sufficient to constitute a cause of action.

This cause coming on to be heard at Chambers, July 1st, 1886, on the appeal of defendants from the order of the clerk, it was adjudged that there was no error in the order authorizing the sale of said lands, and the cause was therefore remanded to the clerk, to be proceeded in by him according to law.

From the judgment, the defendants appealed to this Court.

*Mr. John Manning,* for the plaintiff.

*Messrs. Jos. B. Batchelor* and *John Devereux, Jr.,* for the defendants.

MERRIMON, J., (after stating the facts). It must be conceded that the proceedings in this special proceeding have been conducted very irregularly from its beginning. If objection had been taken in apt time, without amendment allowed, it must have been dismissed. But no objection was at any time made because of irregularities, and now the sole question for our decision is, whether or not the complaint states facts sufficient to constitute a cause of action.

The manifest purpose of the plaintiff was to bring the special proceeding allowed by the statute (*The Code,* §1448). The nature of his claim, and the relief he seeks, plainly indicate such purpose. He is a judgment creditor of the defendant executor, and seeks, because of the laches of the executor, to have his debt paid out of the assets of the testator, and inasmuch as the personal assets in the hands of the executor have been exhausted, he demands that the land of the testator devised by the will—all that he had—be sold to make assets to pay his debt.

The statute cited, allows a creditor of a deceased person to bring a special proceeding or a civil action, "in his own name and in behalf of himself and all other creditors of the deceased," against the latter's personal representatives, "to compel him to an account of his administration, and to pay the creditors what may be payable to them respectively;" and after prescribing the course of procedure as to notice to creditors to appear and prove their respective claims, taking accounts, &c., &c., the statute (*The Code,* §§1474, 1475,) further provides as follows: "If it shall appear at any time during, or upon, or after taking of the account of a personal representative, that the personal assets are insufficient to pay the debts of the deceased in full, and that he

died seized of real property, it shall be the duty of the Judge or clerk, at the instance of any party, to issue a summons in the name of the personal represenative, or of the creditors generally, to the heirs, devisees and others in possession of the lands of the deceased, to appear and show cause why said lands should not be sold for assets. Upon the return of the summons, the proceeding shall be as directed in other like cases."

It thus appears, that the Superior Court has jurisdiction by special proceeding, of the matters, and for the purpose indicated in the statute cited, and that in the course of such proceedings, the clerk acts as and for the Court, as he does generally in cases of special proceedings.

In this case, however, the summons was not made returnable as to time, as the statute (*The Code*, §1450,) requires— the plaintiff does not in terms, either in the summons or the complaint, purport to sue for himself and all other creditors of the testator—no notice was given to creditors to appear and prove their debts respectively—no accounts were taken—the executor was not sued alone, but the legatees and devisees of the will were at the beginning, and not at a subsequent stage of the proceeding, as the statute (*The Code*, §1474,) provides, made parties defendant. No creditor except the plaintiff appeared before the Court.

Notwithstanding such irregularities, we think the complaint states facts sufficient to constitute a cause of action, cognizable by Special Proceeding, and that the judgment is valid, upon the ground that the Court had jurisdiction of the parties and the subject-matter, and no objection was made at any time by any of the parties, that the course of procedure was irregular.

The plaintiff brought his Special Proceeding, and he was therefore before the Court. Although the summons was not made returnable as to time, as in such cases it ought to have been, it was served upon all the defendants except one, and

the answer embraced him. The defendant executor made no objection to the relief demanded. The other defendants all appeared and made defence by answer; they did not contend that the proceeding did not purport to be for the benefit of all the creditors; it was not suggested by them that other creditors had been notified to appear and prove their debts, and that no account had been taken. They simply broadly denied that the land sought to be sold as that of the testator ever belonged to him, and that they claim title thereto under him; and they further denied·that the personal assets of the testator have been exhausted. They admitted the plaintiff's debt. At the trial, the verdict of the jury upon both the issues raised was in favor of the plaintiff, and the Court gave judgment that the land be sold to make assets, that the plaintiff's debt be paid out of the same, and the surplus paid to the executor, for the benefit of the devisees. This judgment may be irregular, it may be erroneous, but no objection is made to it upon such grounds.

The plaintiff states facts which entitle him to have the land sold to pay his debt. The objection is that the procedure was not regular. The proceeding did not purport to be for the benefit of all the creditors. It may be, however, that the plaintiff was the only creditor. Moreover, the purpose of the proceeding obviously—necessarily—indicates its character, and the Court might have directed notice to issue to creditors. It might even yet do so, and, indeed, ought to do so if there be any. The defendant devisees were not brought into Court regularly at the proper time in the course of the proceeding, but they chose to appear and make defence upon the merits, making no objection on account of any irregularities. They must, therefore, be held to have waived them. The Court properly held that the complaint states facts sufficient to constitute a cause of action, and in this respect there is no error. To the end that further proceedings may be

taken in the cause, let this opinion be certified to the Superior Court. It is so ordered.

No error.                                              Affirmed.